IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERONIMO GUEDEA, JR., § | |
| TDCJ-CID NO. 1577177, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-2430 |
| § | |
| WILLIAM STEPHENS,[1] § | |
| § | |
| Respondent. § | |

MEMORANDUM AND ORDER ON DISMISSAL

State inmate Jeronimo Guedea, Jr., seeks federal habeas relief from his 2009 conviction for assault with a deadly weapon. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.   PROCEDURAL HISTORY

On May 5, 2009, Petitioner pleaded guilty in the 272nd Criminal District Court of Brazos County, Texas, to assault with a deadly weapon in cause number 07-06199-CRF-272, for which he was sentenced to twenty years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). (Docket No. 1.) Petitioner did not file a direct appeal from his

---

[1]    William Stephens has replaced Rick Thaler as the Director of the Texas Department of Justice-Correctional Institutions Division. Accordingly, Stephens is automatically substituted as a party. FED. R. CIV. P. 25(d)(1).

conviction. Thus, Petitioner's conviction became final for purposes of federal habeas corpus review on or about June 05, 2010. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed an application for a writ of habeas corpus in the Texas Court of Criminal Appeals on October 24, 2011. (Docket No. 1 at 4.) That application was denied without written order on the trial court's findings without a hearing on November 9, 2011. (Docket No. 1); Texas court website.[2] Petitioner filed a second application for a writ of habeas corpus in the Texas Court of Criminal Appeals on May 7, 2012. (Id.) That application was dismissed as successive on May 23, 2012. Texas court website.[3]

Petitioner filed the present petition for a writ of habeas corpus in this Court on August 13, 2012. Therefore, the petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Lindh v. Murphy, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the following grounds:

1. Ineffective assistance of counsel based on counsel's failure to advise Petitioner of a handwritten witness statement by the complainant; and,

2. Ineffective assistance of counsel based on counsel's

---

[2] www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=284068 (viewed January 13, 2014).

[3] www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=284068 (viewed January 13, 2014).

2

>       advice that Petitioner plead guilty to a crime for
>       which he was allegedly never properly arraigned or
>       indicted.

(Docket No. 1.)

II. <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered

3

>     through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. See Flanagan, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, courts are authorized to raise such defenses *sua sponte* in habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). This Court may, therefore, properly determine at the outset whether the petition here is timely or not.

As noted above, under AEDPA, Petitioner's one-year limitation period began on or about June 5, 2009, the last day Petitioner could have filed a notice of appeal in state court. That date triggered the one-year limitations period which expired on June 5, 2010. Because Petitioner's first state application for habeas corpus relief was not filed until October 24, 2011, the tolling provisions found in § 2244(d)(2) do not apply here. Scott v.

Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Therefore, Petitioner's federal petition filed on August 13, 2012, is untimely.

On January 7, 2013, the Court ordered Petitioner to file a written statement addressing the limitations bar and equitable tolling, if applicable. (Docket No. 6.) Petitioner's response, however, does not offer any explanation for the untimeliness of his petition; nor does it make any valid argument for equitable tolling. (Docket No. 8.) In a memorandum included with the petition in this case, Petitioner asserts that he was never properly indicted on the charges to which he pleaded guilty and that his defense counsel failed to advise him of a witness statement that Petitioner asserts shows his actual innocence. (Docket No. 1 at 11-14.)

Petitioner's claim that he was never properly indicted on the charge of aggravated assault with a deadly weapon, to which he pleaded guilty, is contradicted by public records. According to online records of Brazos County, Petitioner was originally charged on April 25, 2008, with engaging in organized criminal activity and evading arrest or detention with a vehicle. Brazos county website.[4]

---

[4] http://justiceweb.co.brazos.tx.us/proxy/Scripts/UVlink.isa/bodreaux/WEBSERV/CriminalSearch?action%253Dview%26track%253D281081416 (viewed January 13, 2014).

5

Petitioner was reindicted on April 16, 2009, for aggravated assault with a deadly weapon and evading arrest or detention with a vehicle, to which he pleaded guilty.[5] Petitioner has not offered any evidence to refute these records.

Petitioner's actual innocence claim is also unavailing. There is no actual innocence exception to the AEDPA statute of limitations. *See* Henderson v. Thaler, 626 F.3d 773, 781 (5th Cir. 2010) (holding as to death penalty cases); Prince v. Thaler, 354 Fed. App'x 846, 847 (5th Cir. 2009) (finding no precedence in this Circuit for an actual innocence exception in non-death penalty case). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See* Schlup v. Delo, 513 U.S. 298, 326-27 (1995); *see also* House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S.

---

[5] http://justiceweb.co.brazos.tx.us/proxy/Scripts/UVlink.isa/bodreaux/WEBSERV/CriminalSearch?action%253Dview%26track%253D281233640 (viewed January 13, 2014).

6

614, 623-624 (1998). In this case, Petitioner cannot overcome the limitations bar by asserting actual innocence because his challenged conviction resulted from a guilty plea.

Moreover, to the extent that Petitioner contends that his trial counsel was ineffective during the guilty plea and sentencing proceedings, such contention is unavailing. Counsel's actions or inactions prior to the expiration of the one-year limitation period cannot provide a basis to equitably toll the limitation period.

Accordingly, the Court finds that Petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III. <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.  CONCLUSION

Accordingly, the Court ORDERS the following:

1.  Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED with prejudice.

2.  A certificate of appealability is DENIED.

3.  All pending motions, if any, are DENIED.

Signed at Houston, Texas, on *January 20*, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

9